UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MELVIN COOK,** | ) | CASE NO. 5:08 CV 2025 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE SARA LIOI** |
| vs. | ) | |
| | ) | |
| **HOME DEPOT, et al.,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Defendants.** | ) | |

Plaintiff *pro se* Melvin Cook ("Plaintiff") filed the above-captioned *in forma pauperis* complaint on August 21, 2008 against defendants Home Depot, "Claudia (last name unknown)," John Doe I, and John Doe II. Plaintiff asserts this court's jurisdiction pursuant to 42 U.S.C. §§ 1983 and 2000e. He seeks $25,000 in compensatory damages and, "because defendants actions were agregious [sic][,] Plaintiff further prays this Court grant Plaintiff relief from each defendant in the amount of $25,000 in punitive damages." (Compl. ¶ 6.)

## I. FACTUAL AND PROCEDURAL HISTORY

On August 16, 2008, Plaintiff was driving his van in the parking lot of the Home Depot store in Cuyahoga Falls, Ohio. As he was driving in his lane, John Doe I and John Doe II were walking directly toward to the van. The two men "looked at Plaintiff as if to dare or challenge Plaintiff's right away [sic]." (Compl. ¶ 3.) Plaintiff states that he was not in a position to drive into the lane of opposing traffic so proceeded to drive towards the two men. As Plaintiff's van passed, John Doe I "assaulted Plaintiff's van, striking the gas cap cover and breaking it (the cover was open, Plaintiff having just filled his tank and did not close the cover.)" (*Id.*)

Plaintiff entered Home Depot and asked to speak to the manager. "Claudia" came to the counter and identified herself as the manager. As Plaintiff began to explain what happened in

the parking lot, John Does I and II entered the store. Claudia asked the two to come to the counter, where Plaintiff resumed his explanation of the events. John Doe I interrupted his story and admitted hitting the gas cover because he believed Plaintiff's van was approaching him too closely. Plaintiff disputes this claim because of the placement of his door.

At some point during this exchange, Claudia sided with the John Does. She then began "berating plaintiff in front of other store employees and customers, embarrassing plaintiff, telling plaintiff the Home Depot speed limit is 5 mph [. . .] Claudia then pointed towards the door, telling plaintiff in a loud voice to get out, drawing attention of customers, who gazed at plaintiff as if plaintiff had stolen something, further embarrassing plaintiff. Plaintiff made a racial reference to plaintiff,[1] and told plaintiff she was going to view security tapes to get Plaintiff's license number to have Plaintiff arrested." (Compl. ¶¶ 4-5.)

Plaintiff asserts that Claudia's behavior is contrary to Home Depot's policy that the customer is always right. Instead, her attitude started from the vantage point that he was wrong. Her treatment caused "plaintiff to feel like he was a 'nigger.'" (Compl. ¶ 6.) After doing a considerable amount of business with Home Depot, Plaintiff now feels that his ability to network and do business is in jeopardy.

## II. LAW AND ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. § 1915(e) if it fails to state a basis upon which relief

---

[1] The Court believes Plaintiff may have intended this sentence to begin: "Claudia made a racial reference to Plaintiff."

can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to § 1915(e).

**A. 42 U.S.C. § 1983**

To prevail in a civil rights action under 42 U.S.C. § 1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 alone creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). The statute applies only if there is a deprivation of a constitutional right. *See, e.g.*, *Paul v. Davis*, 424 U.S. 693, 699-701 (1976); *Baker*, 443 U.S. at 146-47. Thus, "[t]he first inquiry in any § 1983 suit [. . .] is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'" of the United States. *Baker*, 443 U.S. at 140. Plaintiff fails to assert any constitutional basis for liability in this case. Not only has he failed to set forth that he was deprived of a right secured by the Constitution and laws, Plaintiff has not alleged that the defendants were acting under color of state law. The State must have "significantly involved itself with invidious discriminations" in order for the discriminatory action to fall within the ambit of the constitutional

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

prohibition. *Reitman v. Mulkey*, 387 U.S. 369, 380 (1967). Therefore Plaintiff's civil rights claim must fail.

**B. 42 U.S.C. § 2000e**

It is well-settled that Title VII of the Civil Rights Act makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). While the statute affords protection for a broad class of individuals, by definition it only addresses unlawful employment practices. 42 U.S.C. § 2000e. Plaintiff's complaint simply does not involve an unlawful employment practice for which he is entitled to protection.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff is granted leave to proceed *in forma pauperis* and his complaint is dismissed pursuant to 28 U.S.C. §1915(e), but without prejudice as to any valid state law claims he may pursue. The court certifies that an appeal from this dismissal could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: October 16, 2008

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."